UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA L. QUIGLEY-HARTSELL,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:14-cv-778

Honorable Phillip J. Green

**MEMORANDUM OPINION**

This was a social security action brought under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. On September 22, 2015, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 20). On December 14, 2015, plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 23). For the reasons set forth herein, plaintiff's motion will be denied.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA.

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 26). Defendant has the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because she obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See DeLong v. Commissioner*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified.").

This case turned on the issue of whether plaintiff had presented sufficient evidence regarding her cervical spondylosis such that the ALJ's finding at step 2 of the sequential analysis that plaintiff did not have a severe impairment was not supported by substantial evidence. The Court ultimately determined that plaintiff had presented just enough evidence with regard to this impairment to exceed the *de minimis* functional limitation threshold. (ECF No. 22, PageID.356). The evidence did not strongly establish plaintiff's entitlement to SSI benefits and the matter was remanded to the Commissioner to address sequential analysis steps beyond step 2. (*Id.*). The Court repeatedly noted in its opinion that this was a "close call." (*Id.* at PageID.354, 356). The Commissioner's decision to deny plaintiff's claim for SSI benefits and to defend that denial in this Court had a reasonable basis in law and fact. The Court finds that the Commissioner's position was substantially justified.

## **Conclusion**

For the reasons set forth herein, plaintiff's motion (ECF No. 23) will be denied.

Dated: January 11, 2016                     /s/   Phillip J. Green
                                            United States Magistrate Judge